**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENJUAN ZHENG, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 20-72128 <br><br> Agency No. A216-267-354 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON and FORREST, Circuit Judges.

Petitioner Renjuan Zheng is a native and citizen of China. She seeks review

of the Board of Immigration Appeals' ("BIA") dismissal of her application for

asylum, which she pursued on grounds of religious persecution. We deny her

petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review Zheng's BIA appeal under 8 U.S.C. § 1252. When the BIA agrees with the Immigration Judge ("IJ"), we may review both agency decisions, but our "review is limited to those grounds explicitly relied upon by the Board." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We review factual findings under the substantial evidence standard, and we will uphold the BIA's credibility determination if "*any* reasonable adjudicator could have found as the agency did." *Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) (emphasis in original).

Substantial evidence supports the BIA's adverse credibility determination. It reached its conclusion for four reasons, and Zheng proposes alternative explanations for each of them. The first, her inconsistency as to whether the Chinese police searched her home church, was purportedly rooted in her confusion regarding the question. She does not respond directly to the second reason—her inconsistency regarding whether she was hospitalized while in police custody—instead attempting to clarify the accuracy of the date that she was taken. The BIA's third reason for upholding the IJ's decision was Zheng's inconsistency when describing how officers knocked her to the floor during her interrogation—whether by a kick to her legs or to her stomach. She labels this apparent tension a minor omission, and she argues that her generic descriptions of police beatings covered strikes both to her legs and her stomach. The fourth reason was her inconsistency as to the whereabouts of her missing passport. She first said her mother knows where it is, then said it was taken

from her while in Mexico and she does not know who took it. She offers, in response to this credibility concern, that she did not know who took her passport because it was taken by smugglers who hid their identities when they helped her cross the United States border. Because we must uphold adverse credibility findings if "*any reasonable adjudicator could have found as the agency did*," even if we accepted her alternative explanations as potentially viable, the BIA's determinations are nevertheless reasonable, so substantial evidence supports them. *Ming Dai*, 593 U.S. at 368 (emphasis in original).

Zheng additionally proposes that she appeared less credible because she received translation in Mandarin, rather than in her preferred dialect of Fuzhounese. While Zheng did indicate that she spoke Fuzhounese when she was apprehended by immigration authorities, during her removal proceedings she repeatedly indicated that Mandarin was her preferred language. Further, her original declaration was translated into English from her writing in Mandarin, she identified Mandarin as her best language on her asylum application, and she declared in advance of two separate hearings that she preferred Mandarin. Her claim that her first choice of language was Fuzhounese all this time but that she failed to say so itself strains credulity. On these facts, a reasonable adjudicator would have reached the BIA's determination. *Id*.

24-7685

The petition is **DENIED**.[1]

---

[1] On the same grounds, Zheng's motion to stay removal is also **DENIED**.